George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
ghaines@freedomlegalteam.com
gavalos@freedomlegalteam.com
Phone: (702) 880-5554
FAX: (702) 385-5518
*Attorneys for Plaintiff Gabrielle Carmello*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Gabrielle Carmello, | Case No.: 2:25-cv-00121 |
| Plaintiff, | ORDER to Extend Time to Serve Defendants Equifax Information Services LLC, Trans Union LLC and Discover Bank |
| v. | |
| Equifax Information Services LLC; Trans Union LLC; Innovis Data Solutions, Inc. and Discover Bank, | |
| Defendants. | |

Gabrielle Carmello ("Plaintiff") respectfully moves this Court, for an additional 60 days to serve Equifax Information Services LLC, Trans Union LLC and Discover Bank ("Defendants") by or before **June 23, 2025**. This motion is based upon the accompanying Memorandum of Points and Authorities, all papers and records on file herein, and on such other information as the Court may choose to request.

///

///

**Memorandum of Points and Authorities**

**I.     Introduction**

Plaintiff filed the initial Complaint in this action on January 20, 2025. Comp., ECF 1. Plaintiff seeks additional time to serve the Complaint upon Defendants. However, the 90 day period specified in Federal Rule of Civil Procedure 4(m) for Plaintiff to effectuate service on Defendants has expired. Accordingly, Plaintiff hereby requests an additional 60 days to effectuate service of the Complaint on Defendants by or before **June 23, 2025**.

**II.    Legal Standard**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The U.S. Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no

good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

**III.   Good cause exists for this Court to grant Plaintiff additional time to effectuate service on Defendants because Plaintiff exercised diligence to serve Defendants**

Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.,* 820 F.2d 319, 320 (9th Cir. 1987).

Here, good cause exists for this Court to grant Plaintiff additional time to effectuate service because, despite Plaintiff's diligence in preparing and filing proposed summons to be issued along with Plaintiff's Complaint, Plaintiff failed to send the issued summons out for service due to a clerical error by Plaintiff's counsel's office.

From September 2024 to February 2025, Plaintiff's counsel's office experienced an unexpected staff shortage when the legal assistant responsible for calendaring deadlines and sending summonses to a third party service processor for service was unexpectedly hospitalized with serious medical issues. Further, this staff member was in and out of the hospital several times during that period of time as his medical issues continued. Plaintiff's counsel's office took proactive measures including assigning these responsibilities to another staff member when the legal assistant responsible for these responsibilities was out of the office due to his medical issues. Despite Plaintiff's counsels' diligence, the unexpected shift of this workload onto a staff member who was being trained while performing these tasks under the supervision of an office manager resulted in an oversight and failure to send the summonses for service for this case.

Thus, good cause exists for this Court to grant Plaintiff additional time to effectuate service on Defendants because the oversight that resulted in Plaintiff's failure to serve Defendants occurred despite Plaintiff's diligent efforts to serve Defendants.

**IV.    Plaintiff's failure to seek an extension of time to serve Defendants prior to the expiration of the deadline was due to excusable neglect.**

Rule 6(b)(1)(B) provides that a party that files an extension motion after deadline to act must show that she failed to act prior to the deadline "because of excusable neglect." *Id.*; *see also Williams v. Cnty. of Los Angeles*, 2024 U.S. App. LEXIS 13767, at * 2 (9th Cir. 2024) ("Under Rule 4(m) a district court…may discretionarily extend time for service upon a showing of excusable neglect.") (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

As detailed above, Plaintiff's counsel's office experienced an unexpected staff shortage when the legal assistant responsible for calendaring deadlines was unexpectedly hospitalized with serious medical issues and was in and out of the hospital several times from September 2024 to February 2025.

Despite Plaintiff's counsel's office taking proactive measures including assigning these responsibilities to another staff member who was being trained while performing these tasks under the supervision of an office manager, the 90-day deadline to effectuate service was not calendared due to an oversight during this time period and Plaintiff did not become aware that the deadline had expired until a Notice of Intent to Dismiss was filed by the Court Clerk on April 21, 2025. ECF No. 8.

Thus, Plaintiff respectfully requests that this Court allow additional time to serve Defendants with the Complaint because Plaintiff's failure to seek an extension of time to serve Defendants prior to the expiration of the deadline was due to excusable neglect.

## V. Conclusion

For the foregoing reasons, Plaintiff asks that this Motion be granted and the Court grant Plaintiff an additional 60 days to effectuate service of the Complaint on Defendants by or before **June 23, 2025**.

Dated this 23rd day of April, 2025.

Respectfully submitted,

**FREEDOM LAW FIRM, LLC**
/s/ Gerardo Avalos
George Haines, Esq.
Gerardo Avalos, Esq.
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
*Attorneys for Plaintiff*

IT IS SO ORDERED.
Dated: April 24, 2025

Nancy J. Koppe
United States Magistrate Judge

MOTION — 5 —